IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FREDY NAHUN SANCHEZ MARTINEZ,

    Petitioner,

v.                                             CIVIL ACTION NO. 2:26-cv-00110

CHRISTOPHER MASON, et al.,

    Respondents.

**ORDER**

Pending before the court is Petitioner Fredy Nahun Sanchez Martinez's Verified Petition for Writ of Habeas Corpus. [ECF No. 1]. For the reasons discussed below, the Petition is **GRANTED** and Petitioner is **ORDERED** to be released **IMMEDIATELY**.

**I.    BACKGROUND**[1]

On February 12, 2026, Petitioner Fredy Nahun Sanchez Martinez was arrested and detained by Immigration Customs and Enforcement officers. [ECF No. 1, ¶ 8]. On February 16, 2026, Petitioner filed a Petition[2] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶ 1. Petitioner remains confined at South Central Regional Jail in Charleston, WV, since his arrest. *Id.* ¶ 8. Petitioner "seeks immediate release from immigration detention, or in the alternative, a prompt and constitutionally adequate custody hearing before a neutral decisionmaker with authority to

---

[1] The facts as presented are drawn from the verified petition pursuant to 28 U.S.C. § 2242. The Government did not dispute any factual allegation in its Response, [ECF No. 16-1]. According to Rule 5 of the Rule Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts, when required to answer the petition, "[t]he answer must address the allegations in the petition." The Government has not done that here.

[2] The Petition identifies Christopher Mason, Superintendent of South Central Regional Jail, as a respondent, as well as Michael T. Rose, Director of the Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Jo Bondi, Attorney General of the United States, (collectively, the "Government").

assess the necessity of detention and to order release on appropriate conditions." *Id.* ¶ 2.

According to the Petition, Petitioner is a citizen and national of Honduras. *Id.* ¶¶ 8, 14. He is a noncitizen present in the United States, and he entered the country in 2022 on a work visa. *Id.* ¶ 14. Petitioner and his brother-in-law were stopped while they were driving away from a Latin American grocery store near Huntington, West Virginia. *Id.* ¶ 15. No traffic citation was issued, and the officer held their IDs for about 20 minutes before arresting Petitioner and his brother-in-law and taking them to Western Regional Jail. *Id.*

Petitioner asserts that his confinement is "civil and administrative in nature" and that it is "not based on any criminal conviction or charge." *Id.* ¶ 16. As of now, Petitioner asserts that "no immigration officer or decisionmaker has determined that continued physical confinement is justified by a legitimate governmental purpose in Petitioner's case—i.e., the risk of flight or danger to the community." *Id.* ¶ 17. His continued confinement, Petitioner alleges, violates his rights under the Fifth Amendment Due Process Clause, the Immigration and Nationality Act, and the Suspension Clause. *Id.* ¶¶ 7–10.

On February 17, 2026, the court stayed the removal of Petitioner from the district, set a briefing schedule, and scheduled a show cause hearing on the Petition, [ECF No. 11]. The parties timely responded and replied, asserting substantially similar arguments as those in previous immigration habeas cases decided recently by this court and judges of this district.

## II. LEGAL STANDARD

"[H]abeas corpus is a broad, independent writ designed to address challenges to any illegal custody," *Wall v. Kiser*, 21 F.4th 266, 273 (4th Cir. 2021), including those "by executive direction," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "heart of habeas corpus" is the challenge to a petitioner's confinement (or the duration of his confinement), where he seeks

"immediate release or a speedier release from that confinement." *Preiser*, 411 U.S. at 498. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Accordingly, noncitizens may invoke habeas in immigration-related matters where no other statutory mechanism for review is provided. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Indeed, challenges to present immigration confinement "fall within the 'core' of the writ of habeas corpus." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022))

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." *Id.* §§ 2241(a), (c). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence."); *Parke v. Raley*, 506 U.S. 20, 31 (1992); *Sumner v. Mata*, 449 U.S. 539, 551 (1981).

### III. DISCUSSION

In this case, the Government concedes that Petitioner is being detained under section 1226(a) of the immigration code. The Government challenges, however, this court's subject matter jurisdiction.[3]

Jurisdiction has already been carefully analyzed and resolved by this court in *Larrazabal-*

---

[3] [ECF No. 16-1, at 2] (arguing that the Petition should be denied for two independent reasons: "(1) 8 U.S.C. §1252(b)(9), which limits judicial review of questions of law and fact arising from removal proceedings to courts of appeal, and (2) 8 U.S.C. §1252(g), which bars district court review of decisions by the Attorney General to commence removal proceedings.").

*Gonzalez v. Mason*, No. 2:26-cv-00049, --- F. Supp. 3d ---, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026), and *Aroca v. Mason*, No. 2:26-cv-00057, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026).[4] The reasoning in those cases applies with equal force here.

The Court possesses subject matter jurisdiction. *Aroca*, at 2026 WL 357872 at *7–*10; *Larrazabal-Gonzalez*, 2026 WL 221706, at *3 n.6. The Government's jurisdictional arguments were previously considered and rejected, and no materially distinguishable facts warrant a different conclusion in this case.

Petitioner is protected by the Due Process Clause of the Fifth Amendment and is currently detained in violation of law. Like the petitioners in *Larrazabal-Gonzalez* and *Aroca*, Petitioner is entitled to a custody determination under 1226(a) that he has not yet received.[5] Such prolonged detention without an individualized bond determination violates due process under the balancing framework articulated in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). *Aroca*, 2026 WL 357872 at *18–*20. Application of the *Mathews* factors confirms that the private interest at stake—physical liberty—is substantial; the risk of erroneous deprivation absent a bond hearing is significant; and the Government's interests are not unduly burdened by affording constitutionally required process. As this court previously observed, "the Government has no legitimate interest in refusing to follow its own rules," and providing a bond hearing does not guarantee release. *Id.* at *19. Furthermore, Petitioner entered the country lawfully in 2022. [ECF No. 16-2, at 3] (The Government's Exhibit). He has no criminal history or gang affiliations. *Id.* These considerations substantially mitigate any asserted public-safety or flight-risk concerns.

---

[4] At least three other judges in this district have also fully analyzed these issues and rejected the Government's arguments. *Briceno Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026 WL 311624 (S.D. W. Va. 2026) (Johnston, J.); *Simanca Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.).
[5] Petitioner received a Notice to Appear in immigration court in New Jersey for February 24, 2026, although there is no indication that this is a remote appearance. [ECF No. 16-2, at 3]. And up until this order, Petitioner has been sitting in the local jail—waiting.

Finally, immediate release is the only appropriate remedy. *Aroca*, 2026 WL 357872 at *19. Where detention has been found unlawful and no constitutionally adequate bond hearing has been provided, continued custody cannot stand.

Accordingly, for the reasons set forth above and in *Larrazabal-Gonzalez* and *Aroca*, the Government's Motion to Dismiss, **[ECF No. 16-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.

IV. **CONCLUSION**

For these reasons, and the legal analysis discussed more thoroughly in *Larrazabal-Gonzalez* and *Gutierrez Aroca*, the Government's Motion to Dismiss, **[ECF No. 16-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.[6] The show cause hearing on the Petition previously scheduled for February 23, 2026, is **CANCELLED**.

Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY** Respondents are **PROHIBITED** from re-arresting and detaining Petitioner absent significant change in circumstances to justify detention or subject to the determination of a neutral and detached decisionmaker. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER: February 23, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[6] Also pending is the Government's Motion for Leave to File an Amended Response and Motion to Dismiss, [ECF No. 16]. The motion is timely, and good cause has been shown, therefore the motion, **[ECF No. 16]**, is **GRANTED**. The court has considered the amended response and motion to dismiss, [ECF No. 16-1], as the Government's substantive response to the Petition. Additionally, the Government's Motion to Exceed the Page Limit, **[ECF No. 15]**, Petitioner's Motion to Waive Certain Requirements of the Local Rules**, [ECF No. 18]**, and Petitioner's Motion for Writ of Habeas Corpus ad Testificandum, **[ECF No. 19],** are all **DENIED as moot.**

5